UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Jon Q. Wright and JQ Licensing, LLC,** | : | |
| Plaintiffs, | : | Case No. _____ |
| v. | : | |
| **Bass On The Fly LLC, and** **Theodore R. Warren,** | : | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VICARIOUS/CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| Defendants. | : | |
| | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Jon Q. Wright and JQ Licensing, LLC ("JQW," "JQ Licensing" or collectively "Plaintiffs") by and through their undersigned attorney, hereby prays to this honorable Court for relief based on the following:

### INTRODUCTION

1. This action arises from Defendants' willful copyright infringement of Plaintiffs' copyrighted and valuable illustrations of highly detailed depiction of a Bass fish jumping out of the water, registered under U.S. Copyright Registration No. VA 1-153-915 (hereafter the "Subject Work"). Defendants willfully adapted copyrighted materials from the Subject Work, using said material to advertise their fishing tournament known as the "World Championship Bass on the Fly Fishing Tournament." Plaintiffs seek to obtain injunctive relief against Defendants to stop their infringement and prevent any further unlawful copying and infringement of the Subject Work.

1

Inasmuch as Defendants' infringement has damaged Plaintiffs' business and threatens to damage it further, Plaintiffs also seek injunctive relief, declaratory relief, and damages for the full amount of Plaintiffs' losses, plus statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. § 504(c).

## THE PARTIES

2.  Plaintiff Jon Q. Wright is an individual domiciled and residing in the State of Montana and is the author of various fish illustrations, including the Subject Work, formally titled "Legend Series Bass" shown *infra*.

3.  JQW is the author and owner of the Subject Work.

4.  JQW is a member of Plaintiff JQ Licensing LLC ("JQ Licensing"), a limited liability company duly formed under the laws of the State of Minnesota and registered in the State of Montana as a foreign limited liability company. JQ Licensing holds the exclusive license to the Subject Work, with exclusive rights to sublicense the Subject Work.

5.  Defendant Bass On The Fly, LLC is a domestic limited liability company organized under the laws of the State of Texas with its principal place of business located at 412 Private Road 5982, Yantis, Texas 75497 ("Bass On The Fly").

6.  Upon information and belief, Defendant Theodore R. Warren is a natural person residing at 412 Private Road 5982, Yantis, Texas 75497 ("Warren").

7.  Upon information and belief, Defendant Warren is the principal/owner of Defendant Bass on the Fly, has supervisory capacity over, and singular control of, the business generally, authorized and/or supervised the infringing activity, promoted the infringing activity on at least one website – www.ianglertournament.com, and has a direct financial interest in the infringement.

8. Upon information and belief, at all times relevant hereto, Warren was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of Bass On The Fly and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## JURISDICTION AND VENUE

9. Defendants unlawfully adapted, reproduced, and displayed the copyrighted Work on marketing and advertising materials without obtaining permission from Plaintiffs in violation of the Copyright Act, 17 U.S.C. § 501.

10. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended).

11. This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and the judicial district wherein Defendants can be found.

## FACTS COMMON TO ALL CLAIMS

13. In 2001, Plaintiffs authored several fish designs, including without limitation, the Subject Work. The Subject Work consists of a distinctive, and highly detailed depiction of a Bass fish jumping from the water. An image of the Subject Work is shown directly below.



14. Plaintiffs duly registered the illustration with the U.S. Copyright Office under Registration No. VA 1-153-915, as part of a collection of illustrations of different species of fish, all authored by JQW ("Registration"). The Registration, entitled "Legend Series Artwork" has an effective date of June 1, 2001. A copy of the Registration with corresponding deposit materials is attached as **Exhibit A**.

15. JQW's practice of creating highly detailed and unique wildlife illustrations is an extraordinarily time-consuming process, involving a dizzying multiplicity of steps.

16. In order to create his detailed fish illustrations, including the Subject Work at issue here, JQW first faces the laborious task of catching a trophy-sized specimen of the subject fish.

17. Once a trophy fish is caught, JQW takes detailed photographs, freezes, and then partially thaws the fish in order to mold the body into the desired position. He then impales the fish on a stake and captures a 360° perspective of the fish by taking a series of photographs.

18. Only then does JQW begin the sketching process, referring to the photographs to capture accurate scale, detail, positioning, coloring, and other visual aspects of the fish. He then painstakingly depicts the precise minutiae of the fish with detail paint brushes. All of the

aforementioned steps are performed in an effort to make the finished illustration as realistic as possible.

19. At times, JQW has taken artistic liberties with certain aspects of the fish when the anatomy is distorted in the photographs. He has taken creative license with certain body parts, including body and tail length in order to depict the fish "in action," swimming in freshwater. Additionally, he has taken creative license in illustrating water/splash effects to artistically demonstrate the fish jumping from the water.

20. JQW's artwork has been painstakingly created, with each minute detail being depicted precisely in the artwork.

21. JQW estimates that he has spent hundreds of hours painting a single one of his fish illustrations, touching each individual painted scale with a paintbrush between three and five times.

22. JQW's artwork is very valuable, as there are not many artists painting freshwater fish, and even fewer creating works with the type of detail used by Defendants.

23. Because of JQW's unique talents, and painstaking attention to detail, his artwork is highly pursued and often misappropriated.

24. JQW's success as a wildlife illustrator has been dependent on experience, patience, and dedication. Each of his paintings is built on his talent and 40 years of expertise.

25. Upon information and belief, Bass On The Fly has been in business since March of 2014.

26. Upon information and belief, Bass On The Fly organized, sponsored, and/or presented a fishing tournament, called the World Championship Bass On The Fly Fishing Tournament, held on May 25, 2019.

27. Upon information and belief, Defendants organized, sponsored, and/or presented a fishing tournament, called the World Championship Bass On The Fly Fishing Tournament, held on May 2, 2020.

28. Upon information and belief, Defendants created, authorized the creation of, or contracted the creation of advertisements for each of the aforementioned tournaments bearing the Subject Work ("Infringing Advertisements").

29. Upon information and belief, the Infringing Advertisements were published on the Bass On The Fly website, located at www.bassonthefly.org and on a third party website located at www.ianglertournament.com.  Examples of Defendants' Infringing Advertisements are annexed hereto as **Exhibit B** and are merely representative of any and all infringing uses of Defendants, now known or to be discovered.

30. Upon information and belief, local participants paid an entry fee in order to participate, in the hopes of winning up to $1,200.00 in prize money. In total, at least $4,000.00 was available to winning participants.

31. Upon information and belief, the aforementioned tournaments were sponsored, financially or otherwise, by approximately twenty different organizations.

32. A side-by-side comparison of the Subject Work and an exemplar of Defendants' Infringing Advertisement is shown below:

6



33. The allegations herein are made as to all uses that Defendants created, obtained, marketed, displayed, distributed, or sold that incorporate the Subject Work, and the use depicted above is only an exemplar.

34. Upon information and belief, Defendants had access to the Subject Work, including, without limitation, through Plaintiff JQ Licensing's website and social media accounts or by viewing the Subject Work on third-party websites, third-party products or via other legal displays of the Subject Work. The identicality of the Subject Work to the Infringing Advertisement exemplar also demonstrates access.

35. Upon information and belief, Defendants used the Subject Work on advertising without first determining whether the same were available for use.

36. Upon information and belief, Defendants used the Subject Work in connection with the marketing, advertising, and promotion of its fishing tournaments.

37. Defendant's Infringing Advertisements contain unlawful reproductions and adaptations of the Subject Work.

38. Defendants engaged in all of the above-referenced behavior unlawfully, without the consent, knowledge, or authorization of Plaintiffs.

39. Defendants willfully utilized the Subject Work with blatant and reckless disregard for Plaintiffs' rights in and to the Subject Work by failing to ensure its use of the same was permissible and without first determining the owner of the Subject Work.

40. Because of Defendants' infringement of Plaintiffs' copyrights in and to the Subject Work, Plaintiffs has suffered significant damage, including without limitation, Plaintiffs' lost royalties and licensing revenue and dilution and diminishment of the value of the Subject Work.

## COUNT I
*(Copyright Infringement of Legend Series: Bass)*

41. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

42. Plaintiff Jon Wright is the sole owner of the Subject Work and holds a valid copyright registration in accordance with the United States Copyright Act.

43. Upon information and belief, Defendants, or their agents, employees, or contractors, had access to the Subject Work through Plaintiffs' website, on social media accounts, or by viewing the same via third-party websites. The identicality of the copying also shows access.

44. Upon information and belief, Defendants, or their agents, employees, or contractors, copied the Subject Work and then subsequently created a directly infringing work and/or derivative work, then published said derivative work in the public for the purposes of commercial advertising.

45. Due to Defendants' acts of infringement, Plaintiffs have suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated work.

46. Due to Defendants' acts of infringement, Defendants obtained direct and indirect profits that they would not otherwise have realized but for their infringement of Plaintiffs' rights in and to the Subject Work. As such, Plaintiffs are entitled to disgorgement of said profits directly and indirect attributable to Defendants' infringement in an amount to be established at trial.

47. Upon information and belief, Defendant have committed copyright infringement with actual or constructive knowledge of Plaintiffs' rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiffs' rights. Such willfulness provides the basis on which Plaintiffs seek additional forms of relief, including without limitation, heightened statutory damages in the sum of up to $150,000 per infringement as contemplated by 17 U.S.C. § 504(c)(2). Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

48. In the alternative, Plaintiffs seek statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of Plaintiffs' Subject Work.

## COUNT II
***(For Vicarious and/or Contributory Copyright Infringement –
Against All Defendants, and Each)***

49. Plaintiffs repeat, reallege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

50. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal use of the Subject Work as alleged herein.

51.     Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

52.     By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

53.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Work. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Work, in an amount to be established at trial.

54.     Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

A. that the Court enter judgment against Defendants setting forth that Defendants have infringed Plaintiffs' federally registered copyright to *Legend Series Bass*, as contemplated by 17 U.S.C. §501;

B. that Defendants and their respective agents, officers and servants be enjoined from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiffs' copyrights in and to the Subject Work;

C. impounding all unauthorized material that bears infringing copies of Plaintiffs' Subject Work in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Subject Work, pursuant to 17 U.S.C. §503(b);

D. that Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);

E. that Plaintiffs be awarded their attorneys' fees as available under 17 U.S.C. § 505;

F. that Plaintiffs be awarded pre-judgment interest as allowed by law;

G. that Plaintiffs be awarded the costs of this action; and

H. that Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiffs Jon Q. Wright and JQ Licensing, LLC hereby demand a trial by jury for all issues so triable pursuant to Fed.R.Civ.P. 38 and the 7th Amendment to the United States Constitution.

.

                                                                  Respectfully submitted,

Date: January 21, 2021

                                     By:    */s/ Dmitry Lapin*
                                                      Dmitry Lapin, Esq
                                                      Danchuk Law LLC
                                                      2 Victoria Lane
                                                      Falmouth Maine 04105
                                                      207-464-0099
                                                      Dmitry@emilyesquire.com

                                                      *Attorney for Plaintiffs Jon Q. Wright*
                                                      *and JQ Licensing, LLC*